# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **Alicia BELTRAN** )<br>)<br>Applicant, )<br>) **Docket No.** _____<br>vs. )<br>)<br>**Jamie LOEHNIS**, in his official capacity as )<br>**Executive Director of the Casa Clare** )<br>**Treatment Center; Jim STRACHOTA,** )<br>in his official capacity as Director of Human )<br>Services for Washington County, WI; )<br>**Mark D. BENSEN**, in his official capacity as )<br>District Attorney for Washington County, )<br>WI; the **WASHINGTON COUNTY** )<br>**CIRCUIT COURT**; and John DOE, in his )<br>official capacity as immediate custodian )<br>of Applicant Alicia Beltran, )<br>Respondents. ) | |

Declaration of Kathy D. Hartke, M.D.

I, Dr. Kathy D. Hartke, declare and state as follows:

1. I am a board certified Obstetrician Gynecologist licensed to practice medicine in Wisconsin. I have 26 years of experience. I received my M.D. from the Medical College of Wisconsin in 1983. I am a fellow of the American Congress of Obstetricians and Gynecologists, and from 1988 to 2011 was a Clinical Assistant Professor of Obstetrics and Gynecology at the University of Wisconsin Medical School. Currently, I am an Assistant Clinical Professor at the Medical College of Wisconsin. I have active hospital appointments at Elmbrook Memorial Hospital and Waukesha Memorial Hospital dating back to 1987. I have served on numerous committees including serving as Chairman of the Department of Women's and Children's Services 1999-2003 at Waukesha Memorial

1

Hospital, and as a Community Advisory Board Member 2006-2012 and Co-Chair from 2010-2012 for the National Children's Study NIH – Waukesha County Vangard Center. My Curriculum Vitae is attached to this declaration as Exhibit A.

2. I have cared for numerous patients dealing with substance use and abuse and I have coauthored (under my former name Sturino) an article on the subject of pregnant women and drug use. See, O'Leary Quinn A, Van Mullem C, Sturino K, Broekhuizen F: A multi-institutional analysis of perinatal cocaine use. Wisconsin Medical Journal 91(6): 296, 1992.

3. I have reviewed the medical and social work records of Alicia Beltran related to her detention for involuntary inpatient treatment in Casa Clare.

4. Based on my experience as a physician who has treated pregnant women with substance use and abuse histories, and on my review of Ms. Beltran's records, it is my opinion that Ms. Beltran did not habitually lack self-control in the use of controlled substances exhibited to a severe degree and that maternal, fetal, or child health interests were not furthered by the actions taken by government officials in this case.

5. I concur with the assessment offered by Dr. Karen Gotwalt in her letter dated July 22, 2013 addressed "to whom it may concern." Based on the records that I have reviewed, I believe that Ms. Beltran was highly motivated and has a good support system.

6. Based on my knowledge of the Section 48 law, the physician's assistant, Stephanie Weiss at the West Bend Clinic was not mandated to report this patient. Numerous patients throughout Wisconsin are receiving prenatal care and have much worse substance abuse situations that neither I, nor my colleagues, report. Instead, we provide help with the understanding that pregnant women, like other patients, are unlikely to be able to take

2

advantage of or conform instantaneously to treatment recommendations. We understand that often the worst thing we can do is to threaten our patients and violate their confidentiality and trust in us.

7. As a longstanding and active Fellow of the American Congress of Obstetricians and Gynecologists, including my position as the 2011-2014 Wisconsin Section Vice Chair, and my upcoming services as the 2014-2017 Wisconsin Section Chair, I have had the opportunity to become familiar with the position of the organization with respect to forced medical treatment of pregnant women, including involuntary detention in inpatient facilities. It is the position of this professional society that attaching the threat of civil or criminal penalties to the disclosure of drug use poses a grave risk to maternal, fetal, and neonatal outcomes. This position is reflected in the Opinion of the American College of Obstetricians and Gynecologists Committee on Health Care for Underserved Women, "Substance Abuse Reporting and Pregnancy: The Role of the Obstetrician-Gynecologist," attached to this declaration as Exhibit B. That opinion states: "Seeking obstetric–gynecologic care should not expose a woman to criminal or civil penalties, such as incarceration, **involuntary commitment**, loss of custody of her children, or loss of housing." (Emphasis added).

8. It is my belief that Ms. Beltran's experience is precisely of the nature warned against by the ACOG Committee opinion, and that it will only serve to potentially cause more harm to the patient and her fetus as well as drive her away from the health care system in future pregnancies.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

3

Executed on September 22nd, 2013

*Kathy D. Hartke, MD* (signature)

Kathy D. Hartke, M.D.

4

Case 2:13-cv-01101-AEG   Filed 09/30/13   Page 4 of 4   Document 6