IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALICIA BELTRAN,

        Applicant,

    v.                                  Case No. 13-C-1101

JAMIE LOENISH, in his official capacity as
Executive Director of the Casa Clare Treatment
Center; JIM STRACHOTA, in his official capacity
as Director of Human Services for Washington
County, WI; MARK D. BENSEN, in his official
capacity as District Attorney for Washington
County, WI; the WASHINGTON COUNTY
CIRCUIT COURT; and JOHN DOE, in his official
capacity as immediate custodian of Applicant
ALICIA BELTRAN,

        Respondents.

## DECLARATION OF MARK D. BENSEN

MARK D. BENSEN declares that:

1.     I am the District Attorney for Washington County, Wisconsin.

2.     I make this declaration based on personal knowledge.

3.     Alicia Beltran is an expectant mother and is currently the subject of a petition for

protection or care of an unborn child pursuant to Section 48.133, Wis. Stats., in Washington County

Case No. 2013JC30A.

4.     Alicia Beltran is NOT in custody at this time.

5.     On July 17, 2013, the Washington County District Attorney's Office received a

referral from the Washington County Human Services Department, requesting that a petition for

Exhibit A

protection or care of an unborn child, pursuant to Section 48.133, Wis. Stats., be filed against Alicia Beltran.

6.     On July 17, 2013, the Washington County District Attorney's Office filed a petition for protection or care of an unborn child, pursuant to Section 48.133, Wis. Stats., with regard to Alicia Beltran.   A copy of the petition and facts supporting the petition is attached hereto as Exhibit 1.

7.     Pursuant to Section 48.193, Wis. Stats., a warrant was issued (for Alicia Beltran) indicating that she is an adult expectant mother of an unborn child, based upon the petition which was filed (Exhibit 1).  A copy of the warrant is attached hereto as Exhibit 2.

8.     On July 18, 2013, Alicia Beltran was briefly taken into custody by law enforcement pursuant to the warrant that was issued (Exhibit 2).  A hearing was held on July 18, 2013, before Washington County Circuit Court Commissioner Dolores Bomrad, and the Court found probable cause to believe that the unborn child may be subject to injury by others and that the expectant parent was neglecting or refusing to provide adequate supervision and care.  Pending the next court date (August 15, 2013), Commissioner Bomrad ordered that as a condition of a non-secure order that Alicia Beltran reside at Calm Harbor, a licensed Community Based Residential Care Facility (CBRF), located in West Bend with a condition that the Washington County Human Services Department have discretion to move Alicia Beltran to Casa Clare, a licensed Community Based Residential Care Facility (CBRF), located in Appleton, Wisconsin, once a bed was available at Casa Clare.  Additional conditions of the non-secure order was that the mother (Ms. Beltran) shall have no violations of state, federal or local laws, maintain absolute sobriety, and comply with the rules of Casa Clare and Calm Harbor, as well as some other standard rules.  A copy of the July 18, 2013, non-secure order is attached hereto as Exhibit 3.

9. Both Calm Harbor and Case Clare are not locked facilities and clients can leave at any time. A copy of a brochure describing Calm Harbor and its license with the State of Wisconsin is attached hereto as Exhibit 4. A copy of a brochure describing Case Clare and its license with the State of Wisconsin is attached hereto as Exhibit 5.

10. Ms. Beltran was initially placed at Calm Harbor pursuant to the non-secure order on July 18, 2013, and on July 19, 2013, she was transferred to Casa Clare located in Appleton, Wisconsin, because a bed was available at that location. A copy of the memo from Social Worker Jodi Liddicoat dated July 19, 2013, informing the Court that Ms. Beltran had been moved to Casa Clare as of July 19, 2013, is attached hereto as Exhibit 6. On August 15, 2013, Alicia Beltran again appeared in court before Washington County Circuit Court Commissioner Dolores Bomrad and at that time Alicia Beltran denied the allegations of the petition for protection or care of an unborn child and a trial was scheduled for October 29-30, 2013. Pending the trial, Commissioner Bomrad ordered that as a condition of a non-secure order that Alicia Beltran reside at Casa Clare in Appleton, Wisconsin, pending the next court date which was scheduled for a status on October 7, 2013. A copy of the Court's conditions of non-secure order is attached hereto as Exhibit 7.

11. On October 4, 2013, Alicia Beltran was discharged released from the non-secure placement at Casa Clare as she had completed the inpatient treatment program at that facility. The discharge summary specifically indicates that it was explained to Alicia Beltran that Case Clare is not a locked facility and residents can leave at any time. The Washington County Human Services Department paid Case Clare in excess of $10,000 for Alicia Beltran's treatment.

12. On October 7, 2013, Alicia Beltran appeared in court before the Honorable Andrew T. Gonring, Washington County Circuit Court Judge, Branch 4, and the October 29,030, 2013 trial date was removed from the Court's calendar for several reasons including the fact that the Court

3

ultimately recused itself from hearing this matter. Pending the next court date (which was not scheduled on October 7, 2013) the Court did not place Ms. Beltran in any specific location and ordered several conditions of non-secure including that Ms. Beltran should have no violations of state, federal or local laws, and that she should not possess or use a controlled substance without a valid prescription. A copy of the Court's conditions of non-secure order is attached hereto as Exhibit 8. The case has now been scheduled for a status hearing on October 28, 2013 before the Honorable James K. Muehlbauer, Washington County Circuit Court Judge, Branch 2.

13.     Ms. Beltran is not in custody and she is currently not court ordered to reside at any particular location pursuant to a court order. Ms. Beltran has not been resided at Casa Clare since October 4, 2013.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge

Dated this 22nd day of October 2013.

                              s/ Mark D. Bensen
                              Mark D. Bensen
                              District Attorney
                              Washington County
                              State Bar No. 1000746

                              432 E. Washington St.
                              PO Box 1986
                              West Bend, WI 53095
                              262-335-4311

4

# EXHIBIT 1

STATE OF WISCONSIN, CIRCUIT COURT, WASHINGTON COUNTY

For Official Use

In the interest of J. Doe, an unborn child, and

Alicia F Beltran
the unborn child's expectant mother.

**Petition for Protection or Care of an Unborn Child (Chapter 48)**

7-30-1985
Date of Birth

Case No. _____
DA Case No. 2013WA001889

## I STATE ON INFORMATION AND BELIEF THAT THE FOLLOWING IS TRUE:
[If unknown or cannot be ascertained, so state]

1. The estimated gestational age of the unborn child is 12 _____ weeks.

| | | |
|---|---|---|
| Expectant Mother's Street and City Address<br>W198N17036 Ridgeway Dr Apt 6, Jackson, WI 53037 | | |
| If expectant mother is a child (17 or under) | Father's Name and Address | Father's Birthdate |
| | Mother's Name and Address | Mother's Birthdate |
| | Name and Address of Guardian, Legal Custodian, Spouse, if any | |

If expectant mother is an adult (18 or over):   Spouse's name and address, or if no spouse, nearest relative's name and address
Father of Alicia – Michael Beltran W198N17036 Ridgeway Dr, Jackson, WI 53037

Expectant mother in temporary physical custody?   ☒ No   ☐ Yes:
Date/Time: _____   Where held: _____
   ☐ Not disclosed – threat of imminent danger to unborn child/expectant mother/physical custodian.

Unborn child, when born, may be subject to federal Indian Child Welfare Act? (25 USC §§1901-1963)
☒ No   ☐ Undetermined  (Explain: _____ )
☐ Yes:  Tribe/address: _____

2. The unborn child is in need of protection or care.

3. The expectant mother is in need of supervision, services, care or rehabilitation.

4. The reliable and credible information which forms the basis for the allegations, including the conduct or circumstances to be considered by the court is   Sec. 48.133                     ☒ See attached
The above-named unborn child, resident of Washington County, Wisconsin whose expectant mother habitually lacks self-control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, to the extent that there is a risk that the physical health of the above-named child when born, will be seriously affected or endangered pursuant to Sec. 48.133.

I request adjudication and entry of an appropriate dispositional order.

Signature:   District Attorney/Corporation Counsel
Counsel /GAL of Expectant Mother
GAL of Unborn Child

DISTRIBUTION:
1. Original - Court
2. Expectant mother
3. Parents of expectant mother (if a child)
4. Guardian/Legal custodian/Physical custodian/
   GAL of expectant mother
5. GAL of unborn child
6. Tribe (if any)

Mandy A. Schepper    State Bar No. 1052580
Name Printed or Typed

July 17, 2013
Date

JC-1612, 03/12 Petition for Protection or Care of an Unborn Child (Chapter 48)                §§48.133 and 48.255(1m), Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**
Page 1 of 3

FACTS:

Petitioner states that she is Mandy A. Schepper, an Assistant District Attorney for Washington County, who requests that this Court accept jurisdiction of expectant mother Alicia Beltran, date of birth July 30, 1985, based on the fact that her unborn baby is in need of protection and services section 48.133 of the Wisconsin State Statutes, and that the Court can order services that can help protect the baby's best interest.

Petitioner bases her information upon review of the official memorandum of Washington County Human Services Department Social Worker Jodi Liddicoat, who states that on July 12, 2013, the Washington County Human Services Department received a referral alleging unborn child abuse to Ms. Beltran's baby. Ms. Liddicoat states that a mandated reporter provided information that Ms. Beltran is expecting her first child in early December. The mandated reporter describes that Ms. Beltran attended an obstetrics appointment at West Bend Clinic on July 2, 2013, with Physician's Assistant Stephanie Weiss, where Ms. Beltran admitted to buying and using Suboxone obtained from a friend with a prescription. The mandated reporter states that Ms. Beltran submitted to a urine screen, which was positive for opiates. The mandated reporter stated that Ms. Beltran reported that she is struggling with an addiction to Percocet and Vicodin, and Ms. Beltran began obtaining Suboxone without a prescription after she discovered she was pregnant. The mandated reporter also stated that Ms. Beltran was provided with treatment options regarding her opiate use, but Ms. Beltran refused any treatment services by stating that she is doing this herself and does not want any formalized treatment. The mandated reporter stated that the fetus is at substantial risk to his or her physical health while Ms. Beltran continues to use drugs during her pregnancy. Ms. Liddicoat states that she received information from the mandated reporter that the fetus is at risk for congenital defects, withdrawal symptoms at birth, or possible miscarriage.

Ms. Liddicoat states that on July 16, 2013, she attempted an unannounced home visit with Ms. Beltran. Ms. Liddicoat reports that Ms. Beltran was willing to speak meet and provide information regarding her addiction. Ms. Beltran reported that she is using 4 mg strips of Suboxone illegally. Ms. Beltran reported that one strip lasts her approximately one week. Ms. Beltran reported that she cuts pieces off of the Suboxone strip, and she is unsure what the exact dose is. Ms. Beltran indicated that she has been using Suboxone since January of 2013. Ms. Beltran reported that she has been weaning herself down since April of 2013, which is when she learned she was pregnant. Ms. Beltran reported she initially was using 8 mg of Suboxone. Ms. Beltran reported that she began using Percocet, a substance your petitioner is aware is an prescription only controlled substance, in July of 2012. Ms. Beltran reported that she would use two 30 mg pills per day taken orally. Ms. Beltran reported if she was unable to procure Percocet pills, she would supplement with Suboxone. Ms. Beltran reported that she used Vicodin once during her pregnancy. Ms. Beltran denied any heroin, cocaine, marijuana, or alcohol use during her pregnancy.

Ms. Liddicoat describes that she discussed with Ms. Beltran how her drug use can impact the baby, and Ms. Beltran reported that she already knows what the effects are as her OBGYN discussed that with her. Ms. Beltran reported that she is not willing to go to treatment or get a legal prescription for Suboxone. Ms. Beltran reported that she does not need any help, as she has been weaning herself down from the Suboxone. Ms. Liddicoat stated that she informed Ms. Beltran that it is dangerous to the fetus, as Ms. Beltran has no medical training. Ms. Beltran

JC-1612, 03/12Petition for Protection or Care of an Unborn Child (Chapter 48)    §§48.133 and 48.255(1m), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 2 of 3
Case 2:13-cv-01101-CNC   Filed 10/23/13   Page 7 of 27   Document 31-1

denied that she is addicted to Suboxone or that she has ever been addicted to any other drugs. Ms. Liddicoat stated that she explained to Ms. Beltran the possibility of court intervention via an unborn baby CHIPS, which made lead to a residential treatment placement. Ms. Liddicoat stated that and became very upset with worker and ultimately ended the visit.

Petitioner further bases her information upon review of a letter dated July 16, 2013, and authored by Dr. Angela Breckenridge, DO, who is Ms. Beltran's prenatal care provider. Dr. Breckenridge indicated that she is writing this letter regarding the welfare of Alicia Beltran's unborn infant. Dr. Breckenridge stated it has been confirmed by her office that Ms. Beltran is using Suboxone illegally. Dr. Breckenridge reported that Alicia tested positive for buprenorphine via consented drug screen through their office on July 2, 2013. Your petitioner is aware that buprenorphine is a controlled substance that is available through a prescription and is commonly prescribed under the name "Suboxone." Dr. Breckenridge reported that Ms. Beltran admitted to staff, as well as her previous medical provider through Wheaton Franciscan, that she has been using Percocet, Vicodin, and Suboxone during this pregnancy. Dr. Breckenridge stated that Ms. Beltran claims to have stopped using both Percocet and Vicodin, but she continues to use Suboxone. Dr. Breckenridge reported that Ms. Beltran admitted she does not have a prescription for this drug, and she obtains the medication from a friend who has a prescription for it. Dr. Breckenridge indicated that the unborn child is at substantial risk to his or her physical health while Ms. Beltran continues to use drugs during her pregnancy. Dr. Breckenridge stated that it is her belief that Ms. Beltran exhibits a lack of self control and refuses the treatment they have offered her. Dr. Breckenridge also requests that this case be subject to the jurisdiction of the court. Dr. Breckenridge reported that she would recommend a mandatory inpatient drug treatment program or incarceration in order to protect her unborn child. Dr. Breckenridge reported that this child's life depends on action in this case.

Ms. Liddicoat further indicates that this is the first referral Washington County HSD received on this family; however, Ms. Beltran was involved in Milwaukee County Child Protection Service system as a juvenile.

Your petitioner believes, with respect to the information above, that there is a basis to request a CHIPS Petition that the Unborn Baby is in Need of Protection and Services. Your petitioner also believes that there are services that could be ordered by the Court for the unborn baby's protection and safety. Such services could include AODA treatment for Ms. Beltran, supervision by the Human Services Department, counseling, parenting programs, and other mental health services. Your petitioner believes that due to Ms. Beltran's alleged addiction to opiates, she is in need of a medical and residential treatment setting.

Based upon the foregoing, your petitioner believes the petition to be true and correct.

MAS/abp

JC-1612, 03/12Petition for Protection or Care of an Unborn Child (Chapter 48)          §§48.133 and 48.255(1m), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 3 of 3
Case 2:13-cv-01101-CNC   Filed 10/23/13   Page 8 of 27   Document 31-1

# EXHIBIT 2

**State of Wisconsin**          **Circuit Court**          **Washington County**

In the Interests of J. Doe Beltran,
                    unborn child,
          and

DA Case No.: 2013WA001889
Assigned DA/ADA: Mandy A. Schepper
Agency Case No.:

Alicia F Beltran
W198N17036 Ridgeway Dr Apt 6
Jackson, WI 53037
DOB: 07/30/1985
Sex/Race: F/W
Eye Color: Brown
Hair Color: Brown
Height: 5 ft 0 in
Weight: 116 lbs

Court Case No.:  13JC30A

**WARRANT**

THE STATE OF WISCONSIN TO ANY LAW ENFORCEMENT OFFICER:
A complaint, a copy of which is attached, having been made before me accusing the
defendant of committing the crime(s) of:

| THE CRIME(S) OF: | DATE OF VIOLATION: | CONTRARY TO WIS. STATUTE(S).: |
|---|---|---|
| CHIPS / Unborn Child | 07/02/2013 | 48.133 |

And having found that probable cause exists that such violation was committed by the
defendant, you are, therefore, commanded to arrest the defendant and bring him/her
before me, or if I am not available, before some other judge of this county.

Date: _____ 7/17/13 _____          _____

Circuit Court Judge Hon Todd K martens

In lieu of holding the defendant in custody, bond may be posted in the amount of BODY
ONLY.

CIB No.          Date Entered          By          Date Canceled
NCIC:            Date Entered          By          Date Canceled

EXTRADITION:     YES          NO X
ENTER: Wisconsin Only X          Nationwide          Adjoining Counties/States
**Crime Category:  Juvenile/CHIPS**

**CERTIFICATE OF SERVICE**

STATE OF WISCONSIN     )
                       ) ss.
WASHINGTON COUNTY )
I do certify that by virtue of the within Warrant I did on          at          M., arrest the
defendant and informed him/her of the crime with which he/she is charged.

Dated: _____          _____

_____
Title

07/17/2013

# EXHIBIT 3

| STATE OF WISCONSIN, CIRCUIT COURT, __WASHINGTON__ COUNTY | | For Official Use |
|---|---|---|

**STATE OF WISCONSIN, CIRCUIT COURT,** __WASHINGTON__ **COUNTY**

IN THE INTEREST OF

J. Doe Beltran, unborn child, and
<br>*Name*

Alicia F. Beltran, expectant mother , *7-30-85*

**Order for Temporary
Physical Custody**

☐ Secure
☒ Nonsecure

Case No. 13JC30A

*For Official Use*

**FILED**

JUL 18 2013

CLERK OF CIRCUIT COURT
WASHINGTON CO., WI 53095

RECEIVED
JUL 19 2013
DISTRICT ATTORNEY
WASHINGTON COUNTY

A hearing for temporary physical custody was held on [Date] __7/18/13__ , which is the effective date of this order.

**THE COURT FINDS:**
The child/juvenile is in the jurisdiction of this court
- ☐ delinquency [statutes]: _____ or
- ☐ JIPS [statutes]: _____ or
- ☒ CHIPS [statutes]: 48.133 _____ and probable cause exists to believe that the
  - ☐ 1. Child/juvenile will commit injury to person or property of others.
  - ☒ 2. *Unborn* Child/juvenile will ☐ cause injury to self. ☒ be subject to injury by others.
  - ☒ 3. *EXPECTANT* Parent(s), guardian, legal custodian or other responsible adult is
    ☒ neglecting ☒ refusing ☐ unable ☐ unavailable to provide adequate supervision and care.

- ☐ 4. Child/juvenile will run away or be taken away, making the child/juvenile unavailable for further court proceedings.

- 5. Child/juvenile is not subject to the federal Indian Child Welfare Act.
  *(If the child/juvenile is subject to the Indian Child Welfare Act, use the Indian Child Welfare Act version [JW-1711] of this order.)*

- ☐ 6. Parent(s) has relinquished custody of the child/juvenile.

**For secure custody, the court further finds that probable cause exists to believe:**
- ☐ 1. The child/juvenile has committed a delinquent act and there is a substantial risk of
  ☐ physical harm to another. ☐ running away.

- ☐ 2. The child/juvenile is a ☐ fugitive from another state ☐ runaway from a juvenile correctional facility, and there was no reasonable opportunity to return the child/juvenile.

- ☐ 3. A protective order was issued and the child/juvenile consents in writing to the custody.

- ☐ 4. The child/juvenile ran away or committed a delinquent act while in nonsecure custody and no other suitable alternative exists.

- ☐ 5. The child/juvenile is alleged/adjudicated delinquent and is a runaway from another county and would run away from nonsecure custody.

- ☐ 6. The child/juvenile is subject to adult criminal court jurisdiction and is under 15 years of age.

**For secure custody in a jail, the court further finds:**
- ☐ 1. No other juvenile detention facility approved by DOC or the county is available.

- ☐ 2. The child/juvenile presents a substantial risk of physical harm to others in the juvenile detention facility.

Case 2:13-cv-01101-CNC   Filed 10/23/13   Page 12 of 27   Document 31-1

**For all custody outside of the home, the court further finds:**

1. Continuation of residence in the home at this time ☒ is    ☐ is not   contrary to the child's/juvenile's welfare.
*See Attached*

2. Reasonable efforts to prevent removal and return child/juvenile safely home were *[Complete one of the following]*
☒ made by the department or agency responsible for providing services. *See Attached*

   ☐ made by the department or agency responsible for providing services, although an emergency situation resulted in immediate removal of the child/juvenile from the home.

   ☐ not required under §48.355(2d) and §938.355(2d), Wis. Stats.

   ☐ required, but good cause was shown why sufficient information is not available to enable the court to make the necessary findings. This hearing is continued until *[Date – Not to exceed 5 days]* _____.
   ☐ required, but the department or agency responsible for providing services failed to make reasonable efforts.

3. Reasonable efforts to place the child/juvenile in a placement that enables the sibling group to remain together were
   ☐ made.
   ☒ not required because the child/juvenile does not have siblings in out-of-home care.
   ☐ not required because it would be contrary to the safety or well being of the child/juvenile or any of the siblings.

4. As to the department or agency recommendation:
   ☒ a. The placement location recommended by the department or agency is adopted.
       **OR**
   ☐ b. After giving bona fide consideration to the recommendations of the department or agency and all parties, the placement location recommended is not adopted.

☒ 5. The ☒ mother ☐ father was present and was asked to provide the names and other identifying information of three adult relatives of the child/juvenile or other adult individuals whose home the parent requests the court to consider as placements for the child/juvenile.

**THE COURT ORDERS:**
1. The child/juvenile is held in custody:
   ☐ a. In-home at: _____
   ☒ b. Out-of-home at: *Residential Treatment Facility ; Cedar Harbor then Cara Clare when there is an*
   and into the placement and care responsibility of the
   ☒ *Washington* county department, which has primary responsibility for providing *opening*
   services.
   ☐ Department of Children and Families, which has primary responsibility for providing services.
   ☐ Bureau of Milwaukee Child Welfare, which has primary responsibility for providing services.

☐ 2. This is an out-of-home placement. The child/juvenile has one or more siblings in out-of-home care and the child/juvenile is not placed with all those siblings.
   ☐ The department or agency shall make reasonable efforts to provide frequent visitation or other ongoing interaction between the child/juvenile and any siblings.
   ☐ The department or agency is not required to provide for frequent visitation or other ongoing interaction because it would be contrary to the safety or well being of the child/juvenile or any siblings.

JD-1711, 11/12 Order for Temporary Physical Custody – Secure/Nonsecure
§§48.19(1), 48.21, 48.205, 48.415(1m), 48.355(2d), 938.19(1), 938.21, 938.205, and 938.355(2d), Wis. Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 2 of 3

☐ 3. This is an out-of-home placement and the department or agency shall conduct a diligent search in order to locate and provide notice as required by §48.21(5)(e)2.or §938.21(5)(e)2.,Wis. Stats., to all adult relatives of the child/juvenile, including the three adult relatives provided by the parents under §48.21(3)(f) or §938.21(3)(f), Wis. Stats., no later than 30 days from the date of the child's/juvenile's removal from the home, unless the search was previously conducted and notice provided.

☐ 4. While in a nonsecure placement above, the child/juvenile shall also be monitored by an electronic monitoring system.

☒ 5. Other conditions of custody  _See Attached_

☒ 6. The parent(s)/guardian shall contribute toward the expenses of custody/services in the amount of
☐ $ _____ .
☒ to be determined by [Agency]  _CSA_

7. Transportation to the placement and any return to court shall be provided by  _HSU_

8. The next hearing date is  _August 15, 2013_  at  _2:15_  ☐ a.m.  ☒ p.m.
   _Rm. 3244_

☐ 9. The request for temporary physical custody is denied.

10. Other: _____

Name and Address of Placement:
Calm Harbor    +    Casa Clare
141 S. 8th Av.       201 S. Glenridge Ct.
West Bend, WI        Appleton, WI 54914
   53095

**THIS IS A FINAL ORDER FOR PURPOSES OF APPEAL IF SIGNED BY A CIRCUIT COURT JUDGE.**

BY THE COURT:

DISTRIBUTION:
1.  Original - Court
2.  Placement Facility
3.  ~~Child/Juvenile/Parents/Attorneys~~
4.  Social Worker/~~Intake Worker~~
5   ADA
    GAL STRIGENZ

☐ Circuit Court Judge  ☒ Circuit Court Commissioner
Hon. Dolores A. Bomrad
Name Printed or Typed
July 18, 2013
Date

JD-1711, 11/12 Order for Temporary Physical Custody — Secure/Nonsecure
§§48.19(1), 48.21, 48.205, 48.415(1m), 48.355(2d), 938.19(1), 938.21, 938.205, and 938.355(2d), Wis. Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 3 of 3

STATE OF WISCONSIN, CIRCUIT COURT, WASHINGTON COUNTY, JUVENILE

IN THE MATTER OF

CONDITIONS OF NON-SECURE
CHIPS/JIPS

J. Doe Unborn Child of Alicia Beltran Case No: 13-JC-30A

D.O.B.: _____

Non-secure to: Calm Harbor - 141 S. 8th Ave. West Bend, WI 53095
to 7/22/13

☐ Home of a parent(s)

_____         _____
Name                     Address

☐ Home of a relative

_____         _____
Name                     Address

☐ Foster Home

_____         _____
Name                     Address

☐ Shelter Care and follow the rules of the Shelter Care facility at 801 E. Washington St., West Bend, WI

☒ Other Casa Clare - 201 S. Glenridge Ct. Appleton, WI 54914
on 7/22/13

The following is a list of the conditions of non-secure for the above-named child/juvenile: Parents: Alicia Beltran

☒ No violations of state/federal/local laws.

☒ Maintain absolute sobriety (except medications taken under a physician's order).

☐ Attend school including all classes and follow the rules of the school program in which enrolled.

☒ Attend all meetings scheduled with social worker.

☒ ~~OTHER:~~ No contact with HSD discretion to move Alicia Beltran if a bed is available at Casa Clare at an earlier date. HSD would

☐ Supervised contact with arrange for transportation if this occurs.

☒ No absence from non-secure placement without permission of primary care provider. and Calm Harbor

☒ Other: Comply with rules @ Casa Clare + sign all releases of information, + comply with UA's + / or blood draws. WCSO to provide transportation from Calm Harbor to Casa Clare

This order expires on the NEXT COURT DATE: 8-15-13 @ 2:15 pm
w/Comm. Bomrad

I acknowledge being told of these conditions:                    By Order of:

_____                    _____
Juvenile/Parent                     Judge/Court Commissioner/Intake Worker

_____                    7/18/13
GAL                                 Date

Distribution:
☐ Original – Court/Intake
☐ Juvenile
☐ Parent
☐ Attorney

FORM 2010 (Rev. 4/07)

# EXHIBIT 4

Calm Harbor is a Community-Based Residential Care Facility that supports adult mental health populations which have recently experienced a crisis and are not in need of ongoing medical care. It is located in a residential neighborhood close to shopping and municipal services.

Our state licensed facility has a capacity for 8 ambulatory male and female adults. Through our programming we are able to support and monitor these adults 7 days a week, 24 hours a day, in a safe, home-like atmosphere during this post-crisis period. The Adult Care Staff develop daily activities that are appropriate for the functioning level of each client. Calm Harbor clients are provided with an opportunity to improve:

* Communication skills
* Socialization skills
* The redirection of their thoughts away from their troublesome behaviors
* The acceleration of their recovery process

The daily living skills and creative activities that our program provides supports the continued progress for each client.



Nova Services and Calm Harbor are committed to meeting the needs of adults through programs that support the educational experiences, encouragement of good choices, address consequences and accountability, and provides assistance during a time of need. Calm Harbor provides safety, security and emotional stability during the initial recovery phase following a crisis situation. Through a collaborated effort between the Department of Human Services, the Mental Health Behavioral Unit and Calm Harbor we are able to provide clients with:

* Assistance with building positive communication
* Development of coping skills
* Attention to the their personal needs.

Client medications are monitored by Calm Harbor staff along with daily living skills and nutrition. Clients are encouraged to participate in a structured activity program. This part of the program allows clients an opportunity to develop their communication and socialization skills, a refocus of their attention, an opportunity for relaxation and an avenue to re-develop a past interest or develop a new leisure pursuit.

Our program also provides intoxication monitoring services for individuals that do not require medical or nursing interventions. Should medical intervention be necessary to address detoxification or psychiatric instability, our staff, in conjunction with the County crisis intervention team, coordinate the transfer of the client into a hospital or otherwise more appropriate setting.

All Calm Harbor clients are referred to the program by the Acute Care Service Team, a division of the Human Services Department.



*Our Adult Vision is to improve the quality of life of individuals and families experiencing social and behavioral health difficulties*

*Our Adult Mission is to provide programming that supports stability, recuperation and recovery through respect of the individual, and encourages self-worth and accountability within one's ability.*

Nova Services also provides a Supported Living Program for adults with mental health issues. This is a goal focused program that supports clients in their independent living environment.

Often individuals that have recovered from a crisis episode develop a need for permanent housing. Nova Services also offers a Transitional Apartment Program, which provides housing support to individuals until a permanent living arrangement can be found.

*For more information about Calm Harbor and other adult programming that Nova Services provides contact:*

**Philip Harper MSW**
**Calm Harbor: (262) 338-6070**
**Nova Services: (262) 338-8842**
**Fax: (262) 338-6029**
**Email:**
**calmharbor@novaservices.org**

Oct. 22. 2013. 8:41AM          No. 0170   P. 7



# The State of Wisconsin

### DEPARTMENT OF HEALTH SERVICES
### DIVISION OF QUALITY ASSURANCE

Type:                                                        **Biennial**

This is to certify that   Calm Harbor

at the location   **141 S 8Th Avenue**
**West Bend, WI 53095**

Certificate Number:                                    **2641**
Effective Period:    **02/01/2013  to 01/31/2015**

**CSAS-Residential Intoxication Monitoring**          DHS 75.09          **02/01/2013**          **01/31/2015**

**This certificate is not transferable or assignable.**
**Post in a conspicuous place on premises.**

Dennis G. Smith, Secretary

*Dennis G. Smith*

# EXHIBIT 5

# The Mooring Programs, Incorporated

## Women's Programs

Casa Clare is a home-like, residential facility that provides a safe,
supportive environment for adult women with chemical
dependency issues. It is a partner of the Mooring Programs (men's
program) and has been serving the needs of women for more than 25
years. Our mission is to provide services to women who demonstrate
signs of substance abuse disorders and to help them develop a
long-term recovery plan.

Casa Clare offers three different levels of care for women,
depending on their needs: an intensive, residential in-patient
program, a more lengthy structured program for those with
complex issues, and a transitional living program to facilitate return
to their communities. We also understand that women with
children may encounter additional barriers to seeking treatment. To
address this, Casa Clare provides four rooms for women and their
children, along with a playground area. Casa Clare is committed to
rebuilding families.

To ensure success in the program, women must be willing to
participate in the Casa Clare treatment experience, have a desire to
develop independent living skills that will promote a process of
ongoing recovery, and be at least 18.

In addition to housing and treatment, Casa Clare offers the
following services:
- Individual, group and family counseling
- Aftercare services
- Educational groups – parenting skills, empowerment techniques,
  self-esteem enhancement, coping skills, communication skills, etc.
- Recreational therapy
- Relapse prevention techniques
- Vocational, employment, and financial planning
- Mental health testing, if appropriate
- Medication monitoring
- Sobriety maintenance through voluntary attendance at
  self-help meetings

Casa Clare • 201 S. Glenridge Court
Appleton, WI 54913 • (920) 731-3981



# The State of Wisconsin

### DEPARTMENT OF HEALTH SERVICES
### DIVISION OF QUALITY ASSURANCE

Type: **Biennial**

Certificate Number: **1917**
Effective Period: **07/01/2012 to 06/30/2014**

This is to certify that    Nicuoring Programs, Inc.

at the location    607 W. Seventh Street
Appleton, WI 54911

is an approved facility under Chapter 51 of the Wisconsin Statutes for the following programs:

|  |  | Begin Date | End Date |
|---|---|---|---|
| CSAS-Emergency Outpatient | DHS 75.05 | 07/01/2012 | 06/30/2014 |
| CSAS-Medically Monitored Treatment | DHS 75.11 | 07/01/2012 | 06/30/2014 |
| CSAS-Outpatient Treatment | DHS 75.13 | 07/01/2012 | 06/30/2014 |
| CSAS-Residential Intoxication Monitoring | DHS 75.09 | 07/01/2012 | 06/30/2014 |
| CSAS-Transitional Residential | DHS 75.14 | 07/01/2012 | 06/30/2014 |

Dennis G. Smith, Secretary

This certificate is not transferable or assignable.
Post in a conspicuous place on premises.

Page 1 of 1

# EXHIBIT 6



# WASHINGTON COUNTY
# HUMAN SERVICES DEPARTMENT

MEMO    JIM STRACHOTA, DIRECTOR

TO:         CLERK OF JUVENILE COURTS

FROM:       JODI L. LIDDICOAT, SENIOR SOCIAL WORKER
            WASHINGTON COUNTY HUMAN SERVICES DEPARTMENT

DATE:       July 19, 2013

RE:         J Doe Beltran (Expectant Mother Alicia Beltran d.o.b. 07/30/85)
            Case No. 13-JC-30A


On 07/18/13 Commissioner Bomrad gave Washington County HSD the authority to move
Expectant Mother Alicia Beltran, d.o.b. 07/30/85, to Casa Clare when a bed became available.
Casa Clare had a bed available on 7/19/13 and Alicia was moved to Casa Clare. Alicia's new
address is 201 S. Glenridge Ct. Appleton, WI 54914.


RECEIVED

JUL 2 2 2013

DISTRICT ATTORNEY
WASHINGTON COUNTY

cc:    ✓ GAL
       ✓ DA
       ✓ Expectant Mother

# EXHIBIT 7

STATE OF WISCONSIN, CIRCUIT COURT, WASHINGTON COUNTY, JUVENILE

IN THE MATTER OF

J Doe Beltran

~~D.O.B.:~~ expectant mother Alicia Beltran

CONDITIONS OF NON-SECURE
CHIPS/JIPS

Case No: 13-JC-30A

FILED

AUG 15 2013

CLERK OF CIRCUIT COURT
WASHINGTON CO. WI 53095

RECEIVED

AUG 16 2013

DISTRICT ATTORNEY
~~WASHINGTON COUNTY~~

Non-secure to:

☐ Home of a parent(s)

| | Name | Address |

☐ Home of a relative

| | Name | Address |

☐ Foster Home

| | Name | Address |

☐ Shelter Care and follow the rules of the Shelter Care facility at 801 E. Washington St., West Bend, WI

☒ Other Casa Clare: 201 S. Glenridge Ct. Appleton, WI 54914

The following is a list of the conditions of non-secure for the above-named ~~child/juvenile:~~ Parent: Alicia Beltran

☒ No violations of state/federal/local laws.

☒ Maintain absolute sobriety (except medications taken under a physician's order).

☐ Attend school including all classes and follow the rules of the school program in which enrolled.

☒ Attend all meetings scheduled with social worker.

☐ No contact with _____

☐ Supervised contact with _____

☒ No absence from non-secure placement without permission of primary care provider.

☒ Other: Comply w/ rules @ Casa Clare, sign all releases of information, + comply. w/ urine and/or blood draws.

This order expires on the NEXT COURT DATE: October 7, 2013 STATUS
TRIAL: 10/28/2013 (1:30 Br 4)
— 2 DAYS

I acknowledge being told of these conditions:

Alicia Beltran
Juvenile/Parent

By Order of:
_____
Judge/Court Commissioner/~~Intake Worker~~

8/15/2013
Date

Distribution:
☐ Original – Court/Intake
☐ Juvenile
☐ Parent
☐ Attorney

GAL

FORM 2010 (Rev. 4/07)

# EXHIBIT 8

STATE OF WISCONSIN, CIRCUIT, COURT, WASHINGTON COUNTY, JUVENILE

IN THE MATTER OF

*Jade Beltran*

D.O.B: *Expectant*

*Mother*

**CONDITIONS OF NON-SECURE CHIPS/JIPS**

Case No: *13JC-30A*

FILED

OCT 7 2013

CLERK OF CIRCUIT COURT
WASHINGTON CO, WI 53095

Non-secure to: *Alicia Beltran*

☐ Home of a parent(s)

☐ Home of a relative    Name _____ Address _____

☐ Foster Home    Name _____ Address _____

☐ Shelter Care and follow the rules of the Shelter Care facility at 801 E. Washington St., West Bend, WI    Name _____ Address _____

☐ Other _____

The following is a list of the conditions of non-secure for the above-named child/juvenile:

☒ No violations of state/federal/local laws.

☒ Maintain absolute sobriety (except medications taken under a physician's order) *[struck through]*

☐ Attend school including all classes and follow the rules of the school program in which enrolled.

☐ Attend all meetings scheduled with social worker.

☐ No contact with _____

☐ Supervised contact with _____

☐ No absence from non-secure placement without permission of primary care provider.

☒ Other: *No possession or use of controlled substances without valid prescription*

This order expires on the NEXT COURT DATE: _____

I acknowledge being told of these conditions:

_____
Juvenile/Parent

By Order of: *[signature]*

Judge/Court Commissioner/Intake Worker

*10/7/13*
Date

Distribution:
☐ Original – Court/Intake
☐ Juvenile
☐ Parent
☐ Attorney

*GAL*

FORM 2010 (Rev. 4/07)

*SD, ADA, GAL Strigenz*